F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 5 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01289-BNB

DARIAN L. HUNTER,

    Plaintiff,

v.

UNKNOWN NAMED U.S. MARSHAL 1,
UNKNOWN NAMED U.S. MARSHAL 2,
AURORA POLICE OFFICER FANIA,
AURORA POLICE OFFICER MARK ASMUSSEN,
UNITED STATES MARSHALS SERVICE,
CLEAR CREEK COUNTY SHERIFF'S DEPT.,
TELLER COUNTY SHERIFF'S DEPT.,
FEDERAL BUREAU OF PRISONS,
FLORENCE CORRECTIONAL INSTITUTION,
J. WANDS, Warden,
R. SAMS, Otero/Bravo Unit Counselor,
M. TUCKER, Otero/Bravo Unit Manager,
MS./MRS. McEVOY, Otero/Bravo Unit Case Manager,
OKEATH, SHU Officer,
HOLDEN, SHU Officer,
MS./MRS. MARTINEZ, SHU Property Officer, and
MS./MRS. GREEN, Head of Education Department,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's "Request for Preliminary Injunction" (Doc. #19) filed on August 22, 2011. Plaintiff is a prisoner in the custody of the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Florence, Colorado. Plaintiff seeks a preliminary injunction directing the BOP and Defendant R. Sams to

> (1) cease and desist reading his "clearly marked legal mail," (2) allow him to possess copies of his P.S.I., J & C, docketing sheet, transcripts, (3) provide access to the same legal research materials and tools for preparation of legal documents available to the general population (i.e. typewriter, word processor), and (4) adequate time for legal research and document preparation.

(Doc. #19 at 25.)

The Court must construe the motion liberally because Plaintiff is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. See *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Plaintiff is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. See *id.* at 1209.

The Court finds that Plaintiff has not made a sufficient showing that he is entitled to issuance of a preliminary injunction in the instant action. Plaintiff argues that a preliminary injunction is necessary because he is encountering obstacles and experiencing difficulty in litigating a number of appeals currently pending before the United States Court of Appeals for the Tenth Circuit as well as postconviction motions in his criminal case in the District of Colorado. Although some of Plaintiff's claims in the instant action relate to his efforts to seek relief in other actions, Plaintiff does not allege that he has been prevented from pursuing his claims in the instant action in any way. As a result, Plaintiff fails to demonstrate he will suffer irreparable harm with respect to his claims in this action.

Plaintiff does allege that he will suffer irreparable harm in one or more of his pending appeals if a preliminary injunction is not issued. The Court notes, however, that Plaintiff concedes he has sought and been granted multiple extensions of time to pursue his pending appeals. In any event, if Plaintiff believes that injunctive relief is necessary in the context of some other pending action, he should file an appropriate motion in that action. In this regard, the Court notes that Plaintiff alleges he has sought and been denied injunctive relief in one of his pending appeals. (*See* Doc. #19 at 12-13.) Plaintiff is not entitled to injunctive relief in this action simply because the Tenth Circuit has denied injunctive relief in another pending case.

For all of these reasons, the motion for a preliminary injunction will be denied. Accordingly, it is

ORDERED that Plaintiff's "Request for Preliminary Injunction" (Doc. #19) filed on August 22, 2011, is denied.

DATED at Denver, Colorado, this 25th day of August, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01289-BNB

Darian L Hunter
Reg. No. 28270-013
FCI Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 25, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk