IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01289-BNB

DARIAN L. HUNTER,

     Plaintiff,

v.

UNKNOWN NAMED U.S. MARSHAL 1,
UNKNOWN NAMED U.S. MARSHAL 2,
AURORA POLICE OFFICER FANIA,
AURORA POLICE OFFICER MARK ASMUSSEN,
UNITED STATES MARSHALS SERVICE,
CLEAR CREEK COUNTY SHERIFF'S DEPT.,
TELLER COUNTY SHERIFF'S DEPT.,
FEDERAL BUREAU OF PRISONS,
FLORENCE CORRECTIONAL INSTITUTION,
J. WANDS, Warden,
R. SAMS, Otero/Bravo Unit Counselor,
M. TUCKER, Otero/Bravo Unit Manager,
MS./MRS. McEVOY, Otero/Bravo Unit Case Manager,
OKVATH, SHU Officer,
HOLDER, SHU Officer,
MS./MRS. S. MARTINEZ, SHU Property Officer, and
MS./MRS. GREEN, Head of Education Department,

     Defendants.

---

ORDER

---

     This matter arises in connection with the Order to Show Cause (Doc. #30)

entered on September 20, 2011, and "Hunter's Response to Show Cause Order" (Doc.

#49) filed by Plaintiff, Darian L. Hunter.  The court ordered Mr. Hunter to show cause

why the misjoined parties in this action should not be dismissed or the claims against

them severed into separate lawsuits.  For the reasons stated below, the claims asserted

against the misjoined parties will be severed into separate lawsuits.

Mr. Hunter is a prisoner in the custody of the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Florence, Colorado.  Mr. Hunter initiated this action by filing *pro se* a pleading titled "Prisoner's Civil Suit and Action" (Doc. #1) in which he complained that officials at the Florence prison were violating his right of access to the courts.  On June 3, 2011, Mr. Hunter filed an amended complaint (Doc. #3) using the court's Prisoner Complaint form.  In the amended complaint, Mr. Hunter again asserted a number of claims alleging that his right of access to the courts was being violated by the BOP and Florence prison officials.  Mr. Hunter also claimed in the amended complaint that his Fourth Amendment rights were violated when he was arrested in March 2010 by police officers in Aurora, Colorado; that his Fifth Amendment rights were violated in December 2010 when his cellular telephone was confiscated while he was in the custody of the Sheriff's Department for Clear Creek County, Colorado; and that his First and Fifth Amendment rights were violated when his personal and legal property was confiscated in December 2010 while he was in the custody of the Sheriff's Department for Teller County, Colorado.

On August 11, 2011, Mr. Hunter filed a motion to amend (Doc. #13) and tendered to the court a second amended complaint (Doc. #14) raising nine separate claims for relief.  The court granted the motion to amend by minute order filed on August 16, 2011. Mr. Hunter's first claim in the second amended complaint is a Fourth Amendment claim against two unnamed United States Marshals and two named police officers for Aurora, Colorado, who performed an investigatory stop of a vehicle in which Mr. Hunter was a passenger in March 2010.  (*See* Doc. #14 at 8.)  Mr. Hunter's second claim in the

2

second amended complaint is an access to the courts claim, apparently asserted against the Teller County Sheriff's Department, in which Mr. Hunter alleges he was deprived of his personal and legal documents by Teller County sheriff's deputies in December 2010.  (*See id*. at 9.)  Mr. Hunter contends in the remaining seven claims in the second amended complaint that the BOP and Florence prison officials are violating his rights to free speech, access to the courts, and to petition the government.  (*See id*. at 10-13.)  Although Mr. Hunter lists the Clear Creek County Sheriff's Department as a Defendant in the caption of the second amended complaint, he does not assert any claim in the second amended complaint against the Clear Creek County Sheriff's Department.

After reviewing the second amended complaint, the court determined that Mr. Hunter improperly has combined into one action separate and unrelated claims against various defendants.  Therefore, on September 20, 2011, the court ordered Mr. Hunter to show cause within thirty days why the misjoined parties in this action should not be dismissed or the claims against them severed.

Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  However, the issue of whether multiple Defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) *Defendants*.  Persons . . . may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with

> respect to or arising out of the same
> transaction, occurrence, or series of
> transactions or occurrences; and
>
> (B) any question of law or fact common to all
> defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Mr. Hunter concedes in his response to the show cause order that the

Defendants against whom he is asserting his Fourth Amendment claim, the unnamed

United States Marshals and the named police officers for Aurora, Colorado, are not

properly joined in this action, and he asks that the claims against those Defendants be

severed.  (*See* Doc. #49 at 2, 4, 8.)  However, Mr. Hunter argues that the Teller County

Sheriff's Department properly is joined as a Defendant in this action with the BOP and

Florence prison officials.  He s contends:

> [t]here is a common question of law and fact relating the
> confiscation of Hunter's personal and legal property by the
> Teller County Sheriff's Department and the claims against
> the F.B.O.P. and F.C.I. Florence administration, because
> both deal with a deprivation of legal document[s] affecting
> the pursuit of Hunter's claims directly attacking his
> revocation of supervised release sentence and collaterally
> attacking his original conviction.

(Doc. #49 at 3-4.)

Mr. Hunter's argument that his claim against the Teller County Sheriff's

Department and his claims against the BOP and Florence prison officials raise a

common question of law and fact is not sufficient to demonstrate that the Teller County

Sheriff's Department properly is joined as a Defendant in an action against BOP and

Florence prison officials.  Pursuant to Fed. R. Civ. P. 20(a)(2)(A), the claims also must

arise out of the same transaction or occurrence or series of transactions or occurrences.

4

The court finds that Mr. Hunter's claim regarding the deprivation of personal and legal documents by Teller County sheriff's deputies in December 2010 does not arise out of the same transaction or occurrence or series of transactions or occurrences as his claims against the BOP and Florence prison officials that arose after he was incarcerated at the Florence prison.  Therefore, the Teller County Sheriff's Department is not properly joined as a Defendant in this action against BOP and Florence prison officials.

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  However, "[m]isjoinder of parties is not a ground for dismissing an action."  Fed. R. Civ. P. 21.  Instead, "'[t]o remedy misjoinder, . . . the court has two remedial options:  (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately.'"  *Nasious v. City and County of Denver*, 415 F. App'x 877, 881 (10th Cir. 2011) (quoting *DirecTV, Inc., v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006)).

The Court will grant Mr. Hunter's request to sever the Fourth Amendment claim against the unnamed United States Marshals and the named police officers for Aurora, Colorado.  The Court also finds that it is appropriate to sever and not dismiss Mr. Hunter's claim against the Teller County Sheriff's Department.  Therefore, the clerk of the court will be directed to sever those claims and commence two new lawsuits.  The Defendants in one of the new lawsuits will be the two unnamed United States Marshals, the two named Aurora police officers, and the United States Marshals Service.  The

5

Defendant in the other new lawsuit will be the Teller County Sheriff's Department.   In

order to preserve the filing date of the second amended complaint, the court will direct

that a copy of this order and a copy of the second amended complaint (Doc. #14) be

filed in each new action that is opened.   In order to avoid any confusion regarding the

specific claims being asserted in each action, Mr. Hunter will be directed in a future

order in each of his actions to file an amended pleading that raises only the claims he is

asserting against the Defendants in that action.   Mr. Hunter also will be directed to pay

the filing fee in each new action in accordance with 28 U.S.C. § 1915.   The orders will

be issued after the new cases are opened and new civil action numbers are assigned.

Accordingly, it is

ORDERED that the Order to Show Cause (Doc. #30) is discharged.   It is

FURTHER ORDERED that the clerk of the court commence two new civil actions

and file in each new civil action a copy of this order and a copy of Mr. Hunter's second

amended complaint (Doc. #14) filed in this action.   It is

FURTHER ORDERED that the clerk of the court list the following parties as

Defendants in one of the new civil actions: Unknown Named U.S. Marshal 1, Unknown

Named U.S. Marshal 2, Aurora Police Officer Fania, Aurora Police Officer Mark

Assmussen, and United States Marshals Service.   It is

FURTHER ORDERED that the clerk of the court list the following party as the

Defendant in the other new civil action: Teller County Sheriff's Department.   It is

FURTHER ORDERED that the following Defendants be terminated as parties to

this action because the claims against them are being severed: Unknown Named U.S.

Marshal 1, Unknown Named U.S. Marshal 2, Aurora Police Officer Fania, Aurora Police

Officer Mark Assmussen, United States Marshals Service, and Teller County Sheriff's

Department.

      DATED January 10, 2012, at Denver, Colorado.

                      BY THE COURT:

                       s/ Boyd N. Boland
                      United States Magistrate Judge