IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01289-BNB

DARIAN L. HUNTER,

    Plaintiff,

v.

CLEAR CREEK COUNTY SHERIFF'S DEPT.,
FEDERAL BUREAU OF PRISONS,
FLORENCE CORRECTIONAL INSTITUTION,
J. WANDS, Warden,
R. SAMS, Otero/Bravo Unit Counselor,
M. TUCKER, Otero/Bravo Unit Manager,
MS./MRS. McEVOY, Otero/Bravo Unit Case Manager,
OKVATH, SHU Officer,
HOLDER, SHU Officer,
MS./MRS. S. MARTINEZ, SHU Property Officer, and
MS./MRS. GREEN, Head of Education Department,

    Defendants.

ORDER DIRECTING APPLICANT TO FILE THIRD AMENDED COMPLAINT

    Plaintiff, Darian L. Hunter, is a prisoner in the custody of the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Florence, Colorado. Mr. Hunter initiated this action by filing *pro se* a pleading titled "Prisoner's Civil Suit and Action" (Doc. #1) in which he complained that officials at the Florence prison were violating his right of access to the courts. On June 3, 2011, Mr. Hunter filed an amended complaint (Doc. #3) using the court's Prisoner Complaint form. In the amended complaint, Mr. Hunter again asserted a number of claims alleging that his right of access to the courts was being violated by the BOP and Florence prison

officials. Mr. Hunter also claimed in the amended complaint that his Fourth Amendment rights were violated when he was arrested by Aurora, Colorado, police officers in March 2010; that his Fifth Amendment rights were violated in December 2010 when his cellular telephone was confiscated while he was in the custody of the Clear Creek County, Colorado, Sheriff's Department; and that his First and Fifth Amendment rights were violated when his personal and legal property was confiscated while he was in the custody of the Teller County, Colorado, Sheriff's Department in December 2010.

On August 11, 2011, Mr. Hunter filed a motion to amend (Doc. #13) and he tendered to the court a second amended complaint (Doc. #14) raising nine separate claims for relief. The court granted the motion to amend by minute order filed on August 16, 2011. Mr. Hunter's first claim in the second amended complaint is a Fourth Amendment claim against two unnamed United States Marshals and two named Aurora, Colorado, police officers who performed an investigatory stop of a vehicle in which Mr. Hunter was a passenger in March 2010. (*See* Doc. #14 at 8.) Mr. Hunter's second claim in the second amended complaint is an access to the courts claim, apparently asserted against the Teller County Sheriff's Department, in which Mr. Hunter alleges he was deprived of his personal and legal documents by Teller County sheriff's deputies in December 2010. (*See id.* at 9.) Mr. Hunter contends in the remaining seven claims in the second amended complaint that the BOP and Florence prison officials are violating his rights to free speech, access to the courts, and to petition the government. (*See id.* at 10-13.) Although Mr. Hunter lists the Clear Creek County Sheriff's Department as a Defendant in the caption of the second amended complaint, he does not assert any claim in the second amended complaint against the Clear Creek

County Sheriff's Department.

On January 10, 2012, the court entered an order (Doc. #50) severing the claims asserted against the misjoined Defendants. As a result, only Mr. Hunter's seven claims against the BOP and Florence prison officials remain in this action.

The Court has reviewed Mr. Hunter's remaining claims and finds that the second amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure with respect to those claims. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Hunter fails to provide a short and plain statement of each of his claims against the BOP and Florence prison officials showing that he is entitled to relief. In

particular, it is not clear against which Defendant or Defendants Mr. Hunter is asserting some of his claims and he fails to provide specific allegations in support of each of his claims in the second amended complaint.  For example, Mr. Hunter does not specify which Defendant or Defendants he is asserting claims six and eight against. Furthermore, although Mr. Hunter indicates that his constitutional right of access to the courts was violated with respect to each of his remaining claims, he fails to identify the actual injury he allegedly suffered with respect to each claim that he was denied access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996).  Mr. Hunter similarly fails to allege specific facts that demonstrate how his constitutional rights to free speech and to petition the government were violated in the claims in which those constitutional provisions are implicated.  Therefore, Mr. Hunter will be ordered to file a third amended complaint that provides a short and plain statement of each of his claims if he wishes to pursue those claims in this action.

Mr. Hunter is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the event Mr. Hunter names supervisory officials as Defendants, the Court also emphasizes that personal participation is an essential allegation in a civil rights

action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hunter must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a Defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199. Accordingly, it is

ORDERED that Mr. Hunter file, **within thirty (30) days from the date of this order**, a third amended Prisoner Complaint as directed in this order. It is

FURTHER ORDERED that Mr. Hunter shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Hunter fails to file a third amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 18th day of January, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge